SAGE *against* CARTWRIGHT.

*Execution; sale of interest under contract to purchase; deed.*

HARRIS MEDBURY, prior to 1835, held a contract from the Surveyor-General for the purchase of a lot of land in Chenango county, on which he had paid a fourth part of the purchase-money. In May, 1835, he sold and conveyed, *by quit-claim deed*, to John Curtis, three acres of the land, of which Curtis was then in possession, and at the same time sold and conveyed by a similar deed, and by an assignment indorsed on the contract, the residue of the lot to the defendant, Cartwright. At the time of the conveyance both grantees had notice of the extent of Medbury's interest in the lands, and of each other's purchase, and Cartwright gave Medbury his bond, conditioned to pay the balance due on the state contract. In August, 1839, a judgment was obtained against Curtis, on which execution was issued, and his interest in the three acres sold by the sheriff, and bid off by the plaintiff, Sage, who received a deed from the sheriff in December, 1844, and succeeded, under it, to Curtis's possession. In November, 1844, Cartwright, having paid to the state the sum due on Medbury's contract, obtained from the state a patent for *all the land described in the contract*. In 1847 he brought ejectment against Sage, to recover possession of the three

acres, and Sage filed his bill in this cause to restrain the prosecution of that suit, and to obtain from Cartwright a conveyance of the three acres, of which he had fraudulently (as was alleged) obtained the legal title.

*Held*, that the deed from Medbury to Curtis could have no greater effect than to give to the latter the equitable interest of the former, by virtue of his contract in the three acres.

That the sale on execution, of an interest in lands held under contract of purchase, being prohibited by statute (1 R. S. 744, § 4), Sage acquired by his purchase neither a legal or equitable interest in the lands, and could not sustain this suit.

(S. C., 9 N. Y. 49.)